we are not at liberty to import limitations therein to meet the exigencies of a particular situation. *Miel* v. *Young,* 29 App. D. C. 481; *Lindmark* v. *Hodgkinson,* 31 App. D. C. 612. The reasonable presumption is that an inventor intended to protect his invention broadly, and, consequently, the scope of a claim in an interference proceeding should not be restricted beyond the fair and ordinary meaning of the words. The issue here is that of priority under the claims as drawn, and not of priority under other and different claims.

Turning, now, to the claims of the present case, we agree with the Examiner of Interferences that a structure of the character described, provided with registering openings, the outer opening *adapted* to receive either a cap for closing it or a hose tube extending into the inner opening, answers the requirements of these claims. Such a structure would readily permit the change from one kind of cleaner to another. If the hose tube was intended to be included in the combination, the claim should have been drawn to that end.

It is apparent that appellant's motion to amend his preliminary statement would have been granted but for the interpretation placed upon the claims, and we are of the opinion that it should have been. His evidence very clearly establishes the fact that, several months prior to the earliest date which may be given the appellee, he manufactured and sold cleaners answering the requirements of the counts as we have construed them. The decision, therefore, is reversed, and the case returned to the Patent Office for appropriate action. *Reversed.*

## IN RE GRAY.

PATENTS; PATENTABILITY; NOVELTY.

An invention consisting of a pipe or conduit having on its inside opposite sides parallel ribs with notches therein, intended to hold the saddle

supporting frame in position, is not patentable, where the only difference between the structure and that disclosed in a previously issued patent consists of the notches in the side ribs. Notching a support to anchor anything supported thereon is not patentable invention.

No. 974. Patent Appeals. Submitted May 12, 1915. Decided May 28, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting certain claims in an application for a patent.        .          '          *Affirmed.*

The facts are stated in the opinion.

*Messrs. Munn & Company, Mr. Perry B. Turpin,* and *Mr. Lester A. Stanley* for the appellant.

*Mr. Minott E. Porter* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of the Patent Office denying the appellant, William Beall Gray, certain claims covering an earthenware pipe or conduit having formed on its inside opposite sides parallel ribs with notches therein. These notches are designed to receive the supporting fingers of a frame which carries a saddle for supporting a pipe. Claims 1 and 8 sufficiently illustrate the alleged invention, and are here reproduced:

"1. A conduit of the character specified, having a pair of longitudinally extending, approximately parallel, internal integral ribs, the upper faces of the said ribs being in approximately the same plane, and the inner faces being approximately vertical and parallel, said ribs having registering notches in their upper faces, and the notches being arranged in series of two."

"8. A conduit of the character specified, having a pair of oppositely arranged longititudinally extending internal ribs

below the longitudinal center of the conduit, the upper faces of the ribs being in approximately the same plane and each of the said upper faces having means for engagement by the supporting finger of a pipe supporting cradle for preventing movement of the said fingers longitudinally of the conduit, the said means being arranged in spaced relation and in pairs on each rib, and the means of one rib registering with the means of the other rib."

The one material difference between appellant's structure and that disclosed in the patent to Bannon, No. 660,286 (October 23, 1900), is that the side ribs are notched, while in the Bannon structure they are not. We fully agree with the Patent Office that the purpose of these notches being to hold the saddle supporting frame in position, it involved no invention to provide them. As suggested by the Examiners in Chief, "notching a support to anchor anything supported thereon is an everyday construction."

The decision is affirmed.                          *Affirmed.*

---

# LINCOLN PAINT & COLOR COMPANY *v.* AMERICAN PAINT WORKS.

---

### TRADEMARKS; WORDS DESCRIPTIVE OF QUALITY.

While there may be circumstances under which the word "Climatic" may be used as a purely arbitrary trademark, it is descriptive of the quality of the goods on which it is used, and therefore not registerable as a trademark, where it appears that the applicant for its registration and the opposer have both applied it to mixed paints sold to the public and advertised by them as adapted to stated climatic conditions. (Citing *Re Central Consumers Co.* 32 App. D. C. 523.)

No. 975. Patent Appeals. Submitted May 12, 1915. Decided May 28, 1915.